# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH CLIFFORD MALCOMB, | Civil Action No. 2: 13-cv-1772 |
| Plaintiff, | United States Magistrate Judge |
| v. | Cynthia Reed Eddy |
| BEAVER COUNTY PENNSYLVANIA (PROTHONOTARY), et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Presently pending is the Motion to Dismiss filed by Defendants Pennsylvania Department of Corrections ("DOC"), the Pennsylvania Board of Probation and Parole ("PBPP"), and the Attorney General of Pennsylvania ("OAG") (collectively referred to as the "Commonwealth Defendants."). For the reasons that follow, the Motion will be granted and the Commonwealth Defendants will be terminated as parties to this action.[1]

## Background

Plaintiff, Joseph Clifford Malcomb, initiated this lawsuit on December 12, 2013, while he was a prisoner housed at the State Correctional Institution at Benner. On December 22, 2013, Plaintiff was released from prison. Plaintiff alleges that his 26 month to 240 month sentence, with 204 days credit, began on December 11, 1991, and should have expired on December 11, 2011. He contends that he was "unlawfully detained over [his] maximum." Named as Defendants are the Beaver County Prothonotary, the Pennsylvania Department of Corrections

---

[1] All parties have consented to the jurisdiction before a United States Magistrate Judge; therefore, the Court has the authority to decide dispositive motions. *See* 28 U.S.C. § 636 et seq.; Consent to Trial/Jurisdiction by United States Magistrate Judge [ECF Nos. 12, 23, and 24].

(Central Office) ("DOC"), the Pennsylvania Board of Probation and Parole ("PBPP"), and the Attorney General of Pennsylvania ("OAG"). Plaintiff is seeking "36 million compensation (official capacity) compensatory damages; and 36 million compensation (individual capacity) punitive damages."

On April 2, 2014, the Commonwealth Defendants filed the instant Motion to Dismiss (ECF No. 15) along with a Brief in support thereof (ECF No. 16) in which they argue that they are entitled to Eleventh Amendment immunity from suit and, thus, the Complaint against them should be dismissed. The Court issued a Response / Briefing Schedule and Plaintiff was specifically advised to either file an amended complaint or a response to Defendants' motion to dismiss on or before May 6, 2014. Plaintiff was further advised that should he fail to comply with the Order, the Motion to Dismiss may be decided without the benefit of his response. *See* ECF No. 17. To date, Plaintiff has not filed any type of responsive pleading nor has he requested an additional extension of time in which to do so.

Accordingly, the Court will analyze the Complaint on the merits, notwithstanding that Plaintiff did not file a response to the pending motion. *Ray v. Reed*, 240 F. App'x 455, 456 (3d Cir. 2007).

**Standard of Review**

A.  <u>Pro Se Litigants</u>

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v.*

*MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

B.  Motion to dismiss pursuant to Rule 12(b)(1)

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *Gould Elecs. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed.Sav. & Loan Ass'n.*, 549 F.3d 884, 891 (3d Cir. 1977)). In reviewing a facial attack, which addresses a deficiency in the pleadings, the court must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff. *Id.; Turicentro, S.A. v. American Airlines, Inc.*, 303 F.3d 293, 300 (3d Cir. 2002). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 554 (2007)).

But when a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." *Cestonaro v. United States*, 211 F.3d 749, 754

3

(3d Cir. 2000). In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case . . . [N]o presumptive truthfulness attaches to plaintiff's allegations." *Carpet Group Int'l. v. Oriental Rug Importers Ass'n*., 227 F.3d 62, 69 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891). The party asserting subject matter jurisdiction bears the burden of proving that it exists. *Id.*

## Discussion

The Eleventh Amendment proscribes actions in the federal courts against, *inter alia,* states and their agencies. *Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274 (1977) (state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (*citing Alabama v. Pugh,* 438 U.S. 781 (1978)). It is well-settled that the Commonwealth Defendants are agencies or arms of the Commonwealth of Pennsylvania. Thus, the Commonwealth Defendants are entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. *See Steele v. Pennsylvania*, 2009 WL 614800, at *8 (W.D.Pa. March 6, 2009).

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, *Wilson v. Vaughn*, 1996 WL 426538, at *1 n. 2 (E.D.Pa. July 30, 1996) nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. *Smith v. Luciani*, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), *aff'd*, 178 F.3d 1280 (3d Cir. 1999) (Table). *See also* 42 Pa.C.S. § 8521(b); *Chittister v. Dep't of Community & Economic Development*, 226 F.3d 223,

226 (3d Cir. 2000) ("The legislature has directed that the Commonwealth retains its sovereign immunity. See 1 Pa. Cons .Stat.Ann. § 2310 (West Supp. 2000) ("[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth . . . shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.")").

The Commonwealth Defendants, as agencies of the Commonwealth, are immune from suit in federal court pursuant to the Eleventh Amendment even though the state itself has not been named as a defendant. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239 (3d Cir. 2005). Furthermore, the Court finds that leave to amend would be futile because any claim Plaintiff could bring against the Commonwealth Defendants is barred. *Draper v. Darby Township Police Dept.*, 777 F. Supp.2d 850, 854 (E.D. Pa. 2011).

## Conclusion

Based on the foregoing, the Motion to Dismiss filed by the Commonwealth Defendants will be granted. The Clerk of Courts will be directed to terminate Defendants Pennsylvania Department of Corrections, the Pennsylvania Board of Probation and Parole, and the Attorney General of Pennsylvania as parties to this action.

**AND NOW** this 27th day of May, 2014,

It is hereby **ORDERED** that the Motion to Dismiss filed by the Commonwealth Defendants is **GRANTED**. The Clerk of Courts is directed to terminate Defendants Pennsylvania Department of Corrections, the Pennsylvania Board of Probation and Parole, and the Attorney General of Pennsylvania as parties to this action.

*s/Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: JOSEPH CLIFFORD MALCOMB
200 Maplehurst Drive
Aliquippa, PA 15001

Timothy Mazzocca
Office of Attorney General
Email: tmazzocca@attorneygeneral.gov

Marie Milie Jones
JonesPassodelis, PLLC
Email: mjones@jonespassodelis.com

Michael R. Lettrich
JonesPassodelis PLLC
Email: mlettrich@jonespassodelis.com