IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH CLIFFORD MALCOMB, | Civil Action No. 2: 13-cv-1772 |
| Plaintiff, | United States Magistrate Judge |
| v. | Cynthia Reed Eddy |
| BEAVER COUNTY PENNSYLVANIA (PROTHONOTARY), et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Presently pending is the Motion to Dismiss filed by Defendant Beaver County Pennsylvania (Prothonotary) (ECF No. 27). For the reasons that follow, the Motion will be granted.[1]

**Background**

Plaintiff, Joseph Clifford Malcomb, initiated this lawsuit on December 12, 2013, while he was a prisoner housed at the State Correctional Institution at Benner. On December 22, 2013, Plaintiff was released from prison. Plaintiff alleges that his 26 month to 240 month sentence, with 204 days credit, began on December 11, 1991, and should have expired on December 11, 2011. He contends that he was "unlawfully detained over [his] maximum." Named as Defendants are the Beaver County Prothonotary, the Pennsylvania Department of Corrections (Central Office) ("DOC"), the Pennsylvania Board of Probation and Parole ("PBPP"), and the

---

[1]   All parties have consented to the jurisdiction before a United States Magistrate Judge; therefore, the Court has the authority to decide dispositive motions. *See* 28 U.S.C. § 636 et seq.; Consent to Trial/Jurisdiction by United States Magistrate Judge [ECF Nos. 12, 23, and 24].

1

Attorney General of Pennsylvania ("OAG").[2] Plaintiff is seeking "36 million compensation (official capacity) compensatory damages; and 36 million compensation (individual capacity) punitive damages."

Defendant Prothonotary filed the instant motion on May 19, 2014, (ECF No. 27) along with a Brief in support thereof (ECF No. 28) in which she argues that the Complaint should be dismissed for failure to state a claim. The Court issued a Response / Briefing Schedule and Plaintiff was specifically advised to either file an amended complaint or a response to Defendants' motion to dismiss on or before June 23, 2014. Plaintiff was further advised that should he fail to comply with the Order, the Motion to Dismiss may be decided without the benefit of his response. *See* ECF No. 29. To date, Plaintiff has not filed any type of responsive pleading nor has he requested an additional extension of time in which to do so.

Accordingly, the Court will analyze the Complaint on the merits, notwithstanding that Plaintiff did not file a response to the pending motion. *Ray v. Reed*, 240 F. App'x 455, 456 (3d Cir. 2007).

**Standard of Review**

A.  Pro Se Litigants

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552,

---

[2] The Commonwealth Defendants filed a Motion to Dismiss (ECF No. 15), which was granted on May 27, 2014 (ECF No. 30).

555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

B.   Motion to Dismiss Pursuant to Rule 12(b)(6)

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler,* 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials,* 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network,* —— F.3d ——, 2014 WL 1317137, *2 (3d Cir. Apr.3, 2014).

In addition to the Complaint itself, a court assessing a Motion to Dismiss may consider "matters incorporated by reference . . . items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached.. . . " 5B Charles A.

3

Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

**Discussion**

1.  Eleventh Amendment Immunity

The Eleventh Amendment proscribes actions in the federal courts against, *inter alia,* states and their agencies. *Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274 (1977) (state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (*citing Alabama v. Pugh,* 438 U.S. 781 (1978)).

Malcolm has no valid claim against the Prothonotary's Office because Pennsylvania statutory law provides that "there shall be one prothonotary for the court of common pleas" in every Pennsylvania county, 42 Pa. Cons.Stat. Ann. § 2731(a), and that each prothonotary has "authority . . . as an officer of the court." 42 Pa. Cons.Stat. Ann. § 2737(5). The Prothonotary's Office (and thus the Prothonotary in her official capacity) is part of the Beaver County Court of Common Pleas ( i.e., a part of the judicial system and therefore an "arm of the state") and is not a "person" under § 1983.[3]

---

[3] The Court of Common Pleas is immune as an arm of the Commonwealth. Under *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir .2000), "courts and agencies of the unified judicial system . . . are state rather than local agencies." More recently, in *Benn v. First Judicial District*, 426 F.3d 233, 241 (3d Cir. 2005), the Court of Appeals for the Third Circuit expressly held that Pennsylvania's courts are state entities entitled to Eleventh Amendment immunity. This immunity is applicable to Section 1983 claims. *See Chilcott v. Erie Co. Domestic Relations*, 283 F. .App'x. 8, 10 (3d Cir. 2008). Pennsylvania statutory law also reflects that Courts of Common Pleas are part of judicial districts and the broader "unified judicial system" in the Commonwealth. 42 Pa. Cons.Stat. Ann. §§ 301, 911(a). *See Mattas v. Supreme Court of Pennsylvania*, 576 F. Supp. 1178, 1182 (W.D.Pa. 1983) (noting that "the government of the Commonwealth [includes] the courts and other offices and agencies of the unified judicial

4

Moreover, quasi-judicial immunity protects the Prothonotary from suit. In *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969), our court of appeals spoke of the "recognized immunity enjoyed by judicial and quasijudicial officers, including prothonotaries. . . ." See also *Kulesa v. Rex,* 519 F. App'x 743, 746 (3d Cir. 2013) (finding defendants from Montgomery County Prothontary's Office had quasi-judicial immunity).

Any claim against the Prothonotary's Office or the Prothonotary in her official capacity must therefore be dismissed.

2. Failure to State an Individual Capacity Claim

To the extent Plaintiff's bare-bones Complaint intends to allege individual, as opposed to official, capacity liability against the Prothonotary, Plaintiff has not and cannot state a plausible claim upon which relief could be granted. The Complaint contains no facts as to what Plaintiff believes the Prothonotary did or failed to do which violated Plaintiff's constitutional rights. Any claim against the Prothonotary in her their individual capacity must therefore be dismissed.

3. Futility of Amendment

Finally, amendment of this Complaint would clearly be futile. As noted *supra*, Plaintiff has not alleged, nor under any plausible facts consistent with the evidence of record could he allege, "deprivation of a constitutional right. . . ." *Abulkhair v. Liberty Mut. Ins. Co.*, 441 F. App'x 927, 930 (3d Cir. 2011).

**Conclusion**

Based on the foregoing, the Motion to Dismiss filed by the Beaver County Pennsylvania (Prothonotary) will be granted. An appropriate Order follows.

---

system . . . .") (quoting 42 Pa.C.S. Section 102).

## ORDER OF COURT

**AND NOW**, this 31st day of July, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion to Dismiss filed by Defendant Beaver County Pennsylvania (Prothonotary) is **GRANTED**.

The Clerk of Court shall docket this case closed.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

*s/Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: JOSEPH CLIFFORD MALCOMB
5 Singer Avenue
McKees Rocks, PA 15136

Timothy Mazzocca
Office of Attorney General
Email: tmazzocca@attorneygeneral.gov

Marie Milie Jones
JonesPassodelis, PLLC
Email: mjones@jonespassodelis.com

Michael R. Lettrich
JonesPassodelis PLLC
Email: mlettrich@jonespassodelis.com